FILED

UNITED STATES DISTIRCT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2017 MAY 11  AM 11: 15

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

JUDITH HUNTER,

    Plaintiff,

                                 CASE NO.: 5: 17-CV-208-0C-30PRL

-VS-

ADVANCED CALL CENTER
TECHNOLOGIES, LLC,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, JUDITH HUNTER, by and through the undersigned counsel, and sues Defendant, ADVANCED CALL CENTER TECHNOLOGIES, LLC (hereinafter known as "ACT"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq*. ("FDCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like ACT from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

1

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014."

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. §

227(b)(1)(A)(iii). See Mims v. Arrow Fin. Servs., LLC, S.Ct. 740, 748 (2012) and Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      The alleged violations described herein occurred in Marion County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Marion County, Florida.

10.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F. 3d 1265 (11th Cir. 2014) and Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

13.     Defendant, ACT is a corporation which was formed in Georgia with its principal place of business located at 1235 Westlakes Drive, Suite 160, Berwyn, Pennsylvania 19312 and which conducts business in the State of Florida through its registered agent, C T Corporation System located at 1200 South Pine Island Road Plantation, Florida 33324.

14.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using

a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from ACT.

15.    Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (352) ***-0380, and was the called party and recipient of Defendant's calls.

16.    Beginning on or about September 2016, ACT began bombarding Plaintiff's cellular telephone (352) ***-0380   in an attempt to collect on a credit card loan.

17.    On several occasions over the last four (4) years, going back to at least 2012, Plaintiff instructed ACT's agent(s) to stop calling her cellular telephone.

18.    On or about December 2016, Plaintiff revoked her consent to be called by ACT by requesting that the calls stop. Specifically the plaintiff spoke with agents of defendants and requested that defendant "Please stop calling me constantly". Each call ACT made to Plaintiff's cell phone after said revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

19.    Despite Plaintiff informing Defendant to stop calling the Defendant's autodialer calls to Plaintiff's cellular phone continued after December 2016. Between November 19th, 2016 and December 1st, 2016 Plaintiff made a non-exclusive log of twenty-five (25) calls she received from the Defendant.  Due to the volume and time period over

which she received automated calls, Plaintiff was not able to properly catalogue each and every call from the defendant, however attached hereto as Exhibit A is a small sampling.

20.     Plaintiff estimates approximately one hundred fifty (150) calls to her cell phone post-revocation.

21.     The autodialer calls from Defendant came from telephone numbers including but not limited to (866) 268-3371 and (877) 597-1385 and when those numbers are called a pre-recorded voice or agent answers and identifies the numbers as belonging to ACT.

22.     Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff cellular telephone number up to four (4) times a day from approximately December 2016 through the filling of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

23.     Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

24.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

25.     ACT called Plaintiff on Plaintiff's cellular telephone approximately one hundred fifty (150) times since revocation, in an attempt to collect a debt.

26.     ACT attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

27.     ACT intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

28.     ACT has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

29.     ACT has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or ACT, to remove the number.

30.     ACT's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to ACT they wish for the calls to stop.

31.     ACT has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

32.     ACT has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

33.     ACT has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

34.     ACT's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

35.     ACT has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

36.     None of ACT's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

37.     ACT willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

38.     From each and every call placed without express consent by ACT to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

39.     From each and every call without express consent placed by ACT to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from ACT's call.

40.     From each and every call placed without express consent by ACT to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41.     Each and every call placed without express consent by ACT to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also

7

impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42.     Each and every call placed without express consent by ACT to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

43.     Each and every call placed without express consent by ACT to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

44.     Each and every call placed without express consent by ACT to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

45.     As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

46.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty-five (45) as if fully set forth herein.

47.     ADVANCED CALL CENTER TECHNOLOGIES, LLC willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified ADVANCED CALL CENTER TECHNOLOGIES, LLC that she wished for the calls to stop.

48.     ADVANCED CALL CENTER TECHNOLOGIES, LLC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ADVANCED CALL CENTER TECHNOLOGIES, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

49.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty-five (45) as if fully set forth herein.

50.    At all times relevant to this action ADVANCED CALL CENTER TECHNOLOGIES, LLC is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

51.    ADVANCED CALL CENTER TECHNOLOGIES, LLC has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

52.    ADVANCED CALL CENTER TECHNOLOGIES, LLC has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

53.    ADVANCED CALL CENTER TECHNOLOGIES, LLC's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ADVANCED CALL CENTER TECHNOLOGIES, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FDCPA)

54.    Plaintiff fully incorporates and realleges paragraphs one (1) through forty-five (45) as if fully set forth herein.

55.    At all times relevant to this action ADVANCED CALL CENTER TECHNOLOGIES, LLC is subject to and must abide by 15 U.S.C. § 1692 et seq.

56.    ADVANCED CALL CENTER TECHNOLOGIES, LLC has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

57.    ADVANCED CALL CENTER TECHNOLOGIES, LLC has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

58.    ADVANCED CALL CENTER TECHNOLOGIES, LLC has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ADVANCED CALL CENTER TECHNOLOGIES, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Amy Ferrera, Esquire*
Amy Ferrera, Esquire
Florida Bar #:  15313
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 577-4738

11

Fax:  (813) 559-4846
amferrera@forthepeople.com
amoore2@forthepeople.com
*Counsel for Plaintiff*

Exhibit A

| Date of Call | Time of Call | Number Calling |
|---|---|---|
| 11/19/16 | 11:41 AM | 877-594-1385 |
| 11/19/16 | 8:41 AM | 877-594-1385 |
| 11/19/16 | 10:46 AM | 877-594-1385 |
| 11/19/16 | 1:04 PM | 877-594-1385 |
| 11/19/16 | 3:39 PM | 877-594-1385 |
| 11/20/16 | 5:33 PM | 877-594-1385 |
| 11/20/16 | 10:54 AM | 877-594-1385 |
| 11/20/16 | 11:20 AM | 877-594-1385 |
| 11/21/16 | 2:34 PM | 877-594-1385 |
| 11/21/16 | 8:41 AM | 877-594-1385 |
| 11/21/16 | 10:45 AM | 877-594-1385 |
| 11/21/16 | 1:44 PM | 877-594-1385 |
| 11/22/16 | 3:51 PM | 877-594-1385 |
| 11/22/16 | 10:48 AM | 877-594-1385 |
| 11/22/16 | 8:38 AM | 877-594-1385 |
| 11/22/16 | 1:14 PM | 877-594-1385 |
| 11/23/16 | 5:31 PM | 877-594-1385 |
| 11/23/16 | 8:37 AM | 877-594-1385 |
| 11/23/16 | 10:47 AM | 877-594-1385 |
| 11/23/16 | 1:31 PM | 877-594-1385 |
| 11/23/16 | 5:41 PM | 877-594-1385 |
| 11/25/16 | 7:42 PM | 877-594-1385 |
| 12/01/16 | 8:36 AM | 877-594-1385 |